

INTERNATIONAL SQUARE
1825 EYE STREET, NW, SUITE 900
WASHINGTON, DC 20006-5468
TELEPHONE: 202-457-0160
FACSIMILE: 844-670-6009
http://www.dickinsonwright.com

ALFRED D. CARRY
ACarry@dickinsonwright.com
202-466-5960

February 25, 2026

**By Email and CM/ECF**

Katherine Nielsen, Trial Attorney
Emily Cohen, Trial Attorney
Caylee Campbell, Trial Attorney
U.S. Department of Justice
Criminal Division | MNF Section
1400 New York Avenue NW, 9th Floor
Washington, DC 20005
katherine.nielsen@usdoj.gov
emily.cohen@usdoj.gov
caylee.campbell@usdoj.gov

      Re:  *United States v. Mohamed Azab Youssef*
            U.S. District Court for the Eastern District of California (Sacramento Division)
            Case No. 2:25-cr-00279
            Defendant's Initial Discovery Requests

Dear counsel,

With regard to the above-referenced matter, and pursuant to Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, as well as the government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, I write on behalf of Defendant Mohamed Azab Youssef to request that you preserve, disclose, and make available for inspection the following material and information within the possession, custody, or control of the government, or any other person or entity acting on the government's behalf—including those who regularly report to the government or have done so in connection with this case.

    **A.  Defendant's Statements**

Any written or recorded statements made by Defendant.[1] Any written record containing the substance of any oral statement made by Defendant, including statements made before or after arrest in response to interrogation by any person then known to Defendant to be a government or law enforcement agent. Any written summaries of Defendant's oral statements contained in any typed or handwritten notes of any government or law enforcement agent. Any statements that may

---

[1] The term "recorded" as used throughout this request includes both audio and visual recordings.

DICKINSON WRIGHT PLLC

Defendant's Initial Discovery Requests
No. 2:25-cr-00279
February 25, 2026
Page 2 of 9

have been given by Defendant in response to any *Miranda* warnings. *See United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982). Any testimony by Defendant before a grand jury. And any other statements by Defendant that are discoverable under Rules 16(a)(1)(A) and 16(a)(1)(B) of the Federal Rules of Criminal Procedure.[2] The statements sought by this request include those statements that were either made by or attributed to Defendant, which the government intends to use for substantive or impeachment purposes at trial.

### B. Defendant's Prior Criminal Record

A copy of Defendant's prior criminal record and certified copies of any convictions the government intends to use for impeachment if Defendant elects to testify at trial. *See* Fed. R. Crim. P. 16(a)(1)(D).

### C. Investigative Reports, Notes, and Communications

All reports, memoranda, notes, communications, recordings, transcripts, summaries, and other records relating to the investigation of Defendant that are discoverable pursuant to Federal Rules of Criminal Procedure 16(a)(1)(A), 16(a)(1)(B), and 26.2, and pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

This request includes, without limitation, all written or recorded statements made by Defendant; the substance of any oral statements made by Defendant in response to interrogation; and any notes, draft reports, FD-302s, FD-1057s, FBI serials, or equivalent reports memorializing or evidencing the same. This request further includes any reports, notes, communications, recordings, or summaries of witness interviews that contain exculpatory or impeachment material, or that otherwise fall within the government's disclosure obligations under *Brady*, *Giglio*, or Federal Rule of Criminal Procedure 26.2.

Defendant requests that all such materials be collected, preserved, and produced in complete form, including attachments and exhibits.

### D. Documents and Tangible Objects

All books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof, within the government's possession, custody, or control, that are material to the preparation of the defense, that the government intends to use in its case-in-chief at trial, or

---

[2] This request includes written or recorded statements made by Defendant that are in the possession or control of the Department of Justice, Federal Bureau of Investigations, Department of Homeland Security, Department of the Treasury, FinCEN, or any other law enforcement agency involved with the investigation, arrest of Defendant, or prosecution of this case.

Defendant's Initial Discovery Requests  
No. 2:25-cr-00279  
February 25, 2026  
Page 3 of 9

D I C K I N S O N  W R I G H T  P L L C

that were obtained from, belong to, or are attributable to Defendant, pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure.

As relevant here, this request includes, but is not limited to:

1. All search warrant applications, affidavits, attachments, exhibits, returns, and inventories relating to any search conducted in connection with this investigation. In addition, all materials seized pursuant to any search, whether conducted with or without a warrant. These materials are discoverable under Rule 16(a)(1)(E) as they are material to suppression issues, challenges under *Franks v. Delaware*, 438 U.S. 154 (1978), scope challenges, and other constitutional defenses.

2. All materials obtained pursuant to subpoena, or other formal process during the course of the investigation.

3. All materials shown to, provided to, or relied upon in interviews of witnesses or potential witnesses.

4. All advertisements posted on Backpage or Internet Website 1 that the government contends are connected to the charged conspiracies or substantive offenses in the Indictment.

5. All records, data, communications, account information, or other materials reflecting the purchase, funding, or payment for any such advertisements using cryptocurrency allegedly obtained through the Paxful peer-to-peer platform.

6. All documents, data, analyses, or other materials reflecting any tracing, attribution, or linkage between specific cryptocurrency transactions conducted on the Paxful platform and the purchase of specific advertisements on Backpage or Internet Website 1, including materials identifying the particular customer, wallet, transaction, and advertisement allegedly connected to the charged conduct.

To the extent the government intends to rely at trial on any such materials not currently within its possession, custody, or control, Defendant requests prompt notice so that appropriate relief may be sought from the Court.

E. **MLAT Requests, Tolling, and Foreign Evidence**

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) and *Brady*, please produce:

1. All Mutual Legal Assistance Treaty ("MLAT") requests, letters rogatory, or other official request for foreign evidence or assistance made in connection with this investigation or prosecution.

Defendant's Initial Discovery Requests
No. 2:25-cr-00279
February 25, 2026
Page 4 of 9

DICKINSON WRIGHT PLLC

2. Any application, request, motion, affidavit, declaration, exhibit, or other material submitted to any court in support of tolling under 18 U.S.C. § 3292 or any other statute of limitations tolling provision.

3. Any order entered pursuant to 18 U.S.C. § 3292.

4. All materials received in response to any such MLAT request, foreign evidence request, or other official request, including certifications, transmittal correspondence, or other final action on the request.

This information is material to the preparation of the defense within the meaning of Rule 16 of the Federal Rules of Criminal Procedure. Evidence relating to tolling and the timing of foreign evidence requests bears directly on potential statute-of-limitations defenses and challenges to the validity or scope of any 18 U.S.C. § 3292 order, as well as propriety of any MLAT-related tolling. Further, if any representations were made to a court regarding the relevance, necessity, or timing of foreign evidence, such materials are discoverable where they bear on tolling, jurisdiction, venue, or other defenses.

### F. Reports of Examinations and Tests

All results and reports of physical or mental examinations, and of scientific tests or experiments, that are material to the preparation of the defense or are intended for use by the government as evidence at trial or sentencing. *See* Fed. R. Crim. P. 16(a)(1)(F).

As relevant here, this request includes, but is not limited to:

1. Any flow-of-funds analyses that the government performed to support the allegations made in the Indictment.

2. Any blockchain or cryptocurrency tracing, clustering, transaction-graph, or wallet attribution analyses (including analyses performed using third-party investigative tools) that the government performed to support the allegations in the Indictment.

3. Any analysis purporting to trace cryptocurrency acquired on the Paxful platform to the purchase of specific advertisements on Backpage or Internet Website 1.

4. Any report identifying or attempting to identify particular Paxful customers, P2P sales, or advertisements allegedly connected to prostitution or other specified unlawful activity as alleged in the Indictment.

5. Any transaction volume, revenue, or fee calculations relied upon by the government to substantiate its forfeiture allegations in the Indictment.

ARIZONA • CALIFORNIA • COLORADO • FLORIDA • ILLINOIS • KENTUCKY • MICHIGAN • NEVADA
OHIO • TENNESSEE • TEXAS • WASHINGTON • WASHINGTON DC • TORONTO

Defendant's Initial Discovery Requests
No. 2:25-cr-00279
February 25, 2026
Page 5 of 9

DICKINSON WRIGHT PLLC

Defendant further requests that the government preserve and make available for inspection and independent examination any and all materials capable of scientific, forensic, or technical testing, analysis, reconstruction, or examination, whether or not such materials have been tested or analyzed by the government.

### G. Expert Witnesses

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and Defendant's constitutional due process rights, Defendant requests disclosure of the identity of each witness the government intends to call to present expert testimony—whether in the government's case-in-chief at trial or at sentencing. Defendant further requests a complete written summary of any such expert testimony, including a description of the witness's opinions, the bases and reasons for those opinions, the witness's qualifications (including a curriculum vitae), and a list of all other cases in which the witness has testified as an expert during the previous four years.

### H. Other Crimes or Evidence of Uncharged Misconduct

Pursuant to Federal Rule of Evidence 404(b)(3), Defendant requests advance notice of any other crimes, wrongs, or acts evidence that the government intends to introduce at trial. Defendant further requests that the government articulate the non-propensity purpose for which such evidence is offered and the reasoning or theory supporting its admissibility. Defendant requests that such notice be provided sufficiently in advance of trial to permit meaningful investigation, motion practice, and resolution of admissibility issues prior to trial.

### I. *Jencks* Material

Pursuant to Federal Rule of Criminal Procedure 26.2 and 18 U.S.C. § 3500, Defendant requests production of all prior statements of any witness the government intends to call at trial that relate to the subject matter of the witness's testimony.

Although we recognize that such material is not required to be produced until after the witness has testified on direct examination, Defendant respectfully requests that *Jencks* material be produced sufficiently in advance of trial to promote the orderly and efficient administration of the proceedings and to avoid unnecessary delay once the jury is empaneled.

This request includes any statement as defined in 18 U.S.C. § 3500(e), including written statements signed or otherwise adopted or approved by the witness; substantially verbatim contemporaneous recordings or transcriptions of oral statements; grand jury testimony; and any reports, memoranda, notes, or recordings that qualify as statements within the meaning of the statute.

It is expected that all *Jencks* material will include notes taken by you or any other prosecutors while interviewing government witnesses in accordance with *Goldberg v. United* States, 425 U.S. 94

DICKINSON WRIGHT PLLC

Defendant's Initial Discovery Requests
No. 2:25-cr-00279
February 25, 2026
Page 6 of 9

(1976); summaries of statements prepared by law clerks; and rough notes and draft materials of law enforcement officers and investigators relating to witness interviews.

### J. *Giglio* Information

Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, Defendant requests that the government timely disclose, on a rolling basis, all information favorable to the defense that is material to guilt or punishment, including impeachment information relating to any witness the government intends to call at trial.

This request includes, without limitation: the prior criminal convictions of any such witness; any pending charges, investigations, or supervision status; the existence and substance of any promises, agreements, understandings, benefits, inducements, immunity, or preferential treatment offered to or expected by any witness, whether formal or informal, express or implied; any payments or other compensation provided; any prior inconsistent statements; and any information reflecting bias, motive to fabricate, or any incentive to testify favorably for the government, or any impairment affecting perception, memory, or truthfulness.

Because impeachment material must be disclosed in time for its effective use at trial, Defendant requests that such information be produced sufficiently in advance of trial to permit meaningful investigation and preparation.

### K. *Brady* Information

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including *United States v. Agurs*, 427 U.S. 97 (1976), and *United States v. Bagley*, 473 U.S. 667 (1985), as well as Federal Rule of Criminal Procedure 5(f) and the court's order entered pursuant thereto, Defendant requests the immediate and timely disclosure of all evidence favorable to the defense that is material to guilt or punishment, whether exculpatory or impeaching.

Without limiting the foregoing, this request includes:

- The existence and identity of any witness known to the government who has provided information favorable to the defense, together with any statements made or adopted by such witness within the government's possession, custody, or control.

- Any statements or information that exculpate Defendant, tend to negate guilt, undermine proof of knowledge or willfulness, reduce potential punishment, or are inconsistent with the government's theory of the case.

- Any evidence suggesting that another person committed, participated in, or is responsible for the charged offenses.

Defendant's Initial Discovery Requests
No. 2:25-cr-00279
February 25, 2026
Page 7 of 9

DICKINSON WRIGHT PLLC

- Any information reflecting inconsistent identifications, equivocal identifications, or failures to identify Defendant as responsible for the charged conduct in the Indictment, whether or not the government intends to call said person at trial. This request includes the names and addresses for such witnesses.

- Any information reflecting bias, motive, impairment, mental or physical condition, substance abuse, or other factors affecting the credibility of any government witness.

- Any material inconsistencies between statements made by cooperating witnesses and other evidence known to the government. This request includes any differences between statements made directly by a cooperating witness and factual representations conveyed to the government during proffer sessions, plea negotiations, or other submissions made on the witness's behalf by counsel.

- Any prior false allegation(s) of criminal conduct made by any of the government's witnesses.

- Legible copies of any and all search warrants and accompanying affidavits and inventories.

Because *Brady* material must be disclosed in time for its effective use, Defendant requests that such information be produced promptly upon discovery.

### L.  Co-Conspirator Statements

Defendant requests disclosure of any statements made or adopted by any alleged co-conspirator, unindicted co-conspirator, or agent of Defendant that the government intends to offer at trial pursuant to Federal Rule of Evidence 801(d)(2)(E) or otherwise. Defendant further requests production of any such statements that are exculpatory or impeaching within the meaning of *Brady* and *Giglio*. To permit appropriate investigation and motion practice, Defendant requests that such material be disclosed sufficiently in advance of trial.

### M.  Informants and Cooperating Witnesses

Pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), and *Brady*, Defendant requests disclosure of the identity of any confidential informant or cooperating witness who was a percipient witness to, participant in, or material source of information regarding the charged offenses. This request includes disclosure of any exculpatory or impeachment information relating to any such informant or cooperating witness.

Defendant's Initial Discovery Requests
No. 2:25-cr-00279
February 25, 2026
Page 8 of 9

DICKINSON WRIGHT PLLC

### N. <u>Sentencing Information</u>

Defendant requests disclosure of any information within the government's possession that it intends to rely upon in support of any specific offense characteristic, enhancement, upward adjustment, loss calculation, forfeiture allegation, or other sentencing factor under the United States Sentencing Guidelines. To the extent such information is not otherwise discoverable under Rule 16 or *Brady*, Defendant requests that it be disclosed sufficiently in advance of sentencing to permit meaningful investigation and response.

### O. <u>Plea Offer</u>

Defendant requests that any plea offer extended by the government be reduced to writing and memorialize all material terms and conditions.

### P. <u>Other Requests</u>

In addition to the foregoing, Defendant respectfully makes the following requests:

1. <u>Discovery Planning for Electronic Discovery</u>

We understand the government intends to produce discovery in electronic form. We look forward to conferring with you regarding an appropriate discovery protocol, including format, load files, indexing, and any searchability considerations.

At the outset, however, to facilitate receipt and review of the anticipated production, please provide an estimate of the total volume of data the government expects to produce (i.e., in terms of gigabytes or terabytes), so that appropriate technical arrangements can be made by the defense.

2. <u>Initial Production of Core Materials</u>

In light of Defendant's speedy trial rights and the need to begin substantive review promptly, Defendant respectfully requests that the government make an initial production of core materials supporting the allegations in the Indictment. This request includes materials that the government relied upon in seeking or obtaining the Indictment, documents that may have been presented to the grand jury, or any other material the government views as central to the charged offenses.

3. <u>Other</u>

Finally, Defendant requests all materials to which he is entitled under the United States Constitution, the laws of the United States, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the United States Sentencing Guidelines, and applicable case law. To the extent any such materials are discoverable but not specifically identified above, Defendant hereby requests their production.

Defendant's Initial Discovery Requests  
No. 2:25-cr-00279  
February 25, 2026  
Page 9 of 9

D ICKINSON  W RIGHT  PLLC

* * *

Please note that the requests contained in this letter are continuing in nature. Pursuant to Federal Rule of Criminal Procedure 16(c), the government is requested to promptly disclose any additional evidence or material responsive to these requests that is discovered or becomes available after its initial production.

If the government declines to produce any responsive material on the grounds that it is not discoverable, Defendant respectfully requests notice of that position so that any necessary motion practice may be addressed in a timely manner.

Defendant reserves all rights to object to the introduction at trial or sentencing of any evidence not timely disclosed and to seek appropriate relief as permitted by law.

Thank you for your attention to this matter. We look forward to working cooperatively with you to ensure an orderly and efficient discovery process. Please feel free to contact us to discuss any aspect of this letter.

Sincerely,

*Alfred Carry*

Alfred D. Carry  
*Counsel for Defendant*

cc: All counsel of record