MARGARET A. MOESER
Chief, Money Laundering, Narcotics and Forfeiture Section
Criminal Division, U.S. Department of Justice
EMILY COHEN
CAYLEE E. CAMPBELL
KATHERINE NIELSEN
Trial Attorneys
1400 New York Ave NW
Washington, D.C. 20005
Telephone: (202) 514-1263

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-cr-00279 JAM |
| Plaintiff, | STIPULATION AND PROPOSED PROTECTIVE ORDER |
| v. | |
| MOHAMED AZAB YOUSSEF, aka Ray Youssef, aka Rayam Youssef, aka Ray Savant, | |
| Defendant. | |

## I.     STIPULATION

1.     Plaintiff United States of America ("government"), by and through its counsel of record, and Defendant Mohamed Azab Youssef (the "Defendant"), by and through his counsel of record (collectively, "the parties"), hereby stipulate, agree, and jointly request that the Court enter the following Proposed Protective Order.

2.     As part of its investigation in this case, the government is in possession of materials relating to the charges against Defendant. These materials include bank records, business records, emails, account information, and other evidence containing confidential information or personal identifying information ("PII") for real persons and entities, including, among other things, personal names, addresses, Social Security numbers, dates of birth, and financial information, which were obtained through the grand jury

STIPULATION AND PROPOSED PROTECTIVE ORDER                    1

process and other means. These real persons and entities include potential witnesses and third parties. The government seeks to produce these materials to Defense Counsel (defined below).

3.      The purpose of the proposed Protective Order is to preserve grand jury secrecy and prevent disclosure of both the personal identifying information and sensitive information of various individuals, while preserving the Defendant's rights to meaningful discovery and a fair trial.

4.      Due to the nature of this case, including the financial, business, and personal records involved, PII comprises a substantial portion of the discovery materials, and in many instances, the PII itself has evidentiary value. The volume of such information would make comprehensive redaction difficult and time-consuming. Further, if the government were to attempt to redact all this information, the defense would receive a set of discovery that may be confusing and difficult to understand, thereby impeding the prompt and just resolution of this case.

5.      Accordingly, the parties jointly request the entry of a protective order that permits the government to produce discovery in unredacted form while preserving confidentiality or the privacy interests of individuals or entities whose information may appear in the discovery materials. The parties further stipulate and agree that the following Proposed Protective Order, if adopted and entered by the Court, will serve the government's interest in maintaining the privacy of potential witnesses and third parties, while permitting the Defense Team (defined below) and Defendant to understand the government's evidence against him.

6.      This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II.      PROPOSED PROTECTIVE ORDER

### A.      Discovery Materials

7.      All material and information disclosed or produced by the government pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, and/or *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), to Defendant and Defense counsel having filed a notice of appearance with the Court in the above-captioned case (hereinafter, the "Discovery Materials") shall be governed by this Protective Order.

8.    Discovery Materials may include:

(a) Grand jury subpoena returns.

(b) Materials containing personal identifying information as identified in Federal Rule of Criminal Procedure 49.1 and PII further described in Paragraph 9 below.

(c) Materials obtained through search warrants or orders.

(d) Materials obtained from requests for assistance from foreign authorities.

(e) Materials voluntarily produced to the government.

9.    For purposes of this Protective Order, the term "personal identifying information" (PII for short) includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7), other than names, or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1), including but not limited to Social Security numbers, dates of birth, financial account numbers, routing numbers, and other unique identifying numbers or codes.

**B.    Sensitive Discovery Materials**

10.    The government may designate certain Discovery Materials as sensitive materials (hereafter, "Sensitive Discovery Materials"), including:

(a) Tax returns or tax information.

(b) Information that could implicate the safety of others.

(c) Witness statements and reports of witness statements.

(d) Search warrants applications, motions, affidavits, declarations, or supporting materials submitted in connection with such warrants or similar orders, and the warrants or orders issued thereon.

(e) PII, as identified in Federal Rule of Criminal Procedure 49.1 and further described in Paragraph 9, for any potential witness or individual not party to the case, including sensitive financial information.

(f) Any other sensitive information that the government, in good faith, determines requires heightened protection under this Protective Order.

11.    Where the term "Discovery Materials" is used in this Protective Order, it shall be understood to include "Sensitive Discovery Materials." Where provisions of this Protective Order apply

specifically to "Sensitive Discovery Materials," these provisions do not apply to materials solely designated as "Discovery Materials."

**C.     Identification of Discovery and Sensitive Discovery Materials**

12.     Any documents, material, or information determined by the government to be Discovery or Sensitive Discovery Material shall be so designated by indicating the Bates range of its designation in the transmittal letter sent to Defense Counsel prior to or concurrent with the production of the material or information.

13.     Any notes that memorialize, summarize, or otherwise reflect, in whole or in part, the contents of Discovery or Sensitive Discovery Materials, and any copies or reproductions of the same shall themselves be deemed Discovery or Sensitive Discovery Materials and be subject to the terms of this Protective Order.

**D.     Defense Counsel and Defense Team**

14.     For purposes of this Order, the term "Defense Counsel" refers to Defendant's counsel of record.

15.     For purposes of this Order, the term "Defense Team" refers to: (a) Defendant's counsel of record; (b) other attorneys at Defense Counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter; (c) defense investigators assisting Defense Counsel in this case; (d) legal consultants, retained experts, or potential experts; and (e) paralegals, legal assistants, or other support staff to Defense Counsel providing assistance in this case, including but not limited to litigation support personnel or third-party vendors retained by Defense Counsel for purposes of discovery processing, hosting, or review. The term "Defense Team" does not include Defendant personally, Defendant's family members, or other associates of Defendant. Defense Counsel must also provide a copy of this Order and advise Defendant that he is bound by the terms of this Order.

16.     Defense Counsel must provide a copy of this Protective Order to any member of the Defense Team requiring access to Discovery Materials, and Defense Counsel must obtain a written acknowledgement from each member of the Defense Team identified in Paragraph 15(b) through 15(e) before providing that person with access to any Discovery Materials, confirming that he or she has read and agrees to be bound by the terms and conditions of this Protective Order. The written acknowledgement

need not be disclosed or produced to the government unless ordered by the Court.

**E.    Disclosure of Discovery Materials**

17.    No person or party shall use any Discovery Materials, including any copies, excerpts, or summaries thereof, for any purpose other than use in the above-captioned case. All Discovery Materials shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purpose, without further order of the Court. Sensitive Discovery Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

18.    Except as provided in this Protective Order, Discovery Materials disclosed or produced to Defendant or Defense Counsel and any copies, excerpts, or summaries thereof, shall not be further disclosed or disseminated by Defendant or the Defense Team to any individuals, organizations, or other entities. Nothing in this paragraph shall be construed to restrict Defendant or the Defense Team from discussing the facts of this case or the existence of Discovery Materials, provided that the Discovery Materials themselves, or the content thereof, are not disclosed except as permitted by this Order or by further order of the Court.

19.    Consistent with the terms of the Protective Order, Defendant, Defense Counsel, and the Defense Team may use Discovery Materials without consent of the government or further order of the Court, so long as any person to whom the Discovery Materials are shown has been provided a copy of this Protective Order and agreed in writing to abide by its terms.

20.    Defense Counsel may disclose Discovery Materials to or discuss them with a witness or potential witness in this case, as well as that witness's or potential witness's legal counsel, without further order of the Court, provided that such witness or potential witness and that witness's or potential witness's counsel have been provided a copy of this Protective Order and have agreed in writing to abide by its terms. Before disclosing Discovery Materials to a witness or potential witness, Defense Counsel must redact information of the type identified in Rule 49.1(a) of the Federal Rules of Criminal Procedure, unless such information pertains to the person or entity to whom the Discovery Materials are being disclosed. In no case may Defense Counsel or the Defense Team allow any witness or potential witness or their legal counsel to retain Discovery Materials; however, attorney work product may be retained but not disclosed

STIPULATION AND PROPOSED PROTECTIVE ORDER                    5

further to any person not authorized to receive Discovery Materials under this Order if it reveals their contents.

21.　　In the event Defendant, Defense Counsel or a member of the Defense Team wishes to use or disclose Discovery Materials in a manner not authorized by this Protective Order, they may seek the government's agreement to such use or disclosure. In the absence of agreement, Defense Counsel may seek appropriate relief from the Court.

22.　　If Defendant or Defense Counsel seek to file Discovery Materials with the Court or otherwise use Discovery Materials during a court proceeding, they will comply with Rule 49.1(a) of the Federal Rules of Criminal Procedure and applicable local rules regarding redaction and sealed filings.

23.　　If the Defendant obtains substitute counsel, the Defendant, Defense Team and Defense Counsel will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents or other information and materials derived or prepared from the Discovery Materials unless and until such counsel becomes counsel of record.

**F.　　Disclosure of Sensitive Discovery Materials**

24.　　Defendant may review Sensitive Discovery Materials only in the presence of a member of the Defense Team. Defendant may not copy, photograph, transcribe, memorialize, keep, maintain, or otherwise possess any Sensitive Discovery Materials at any time. At the conclusion of any review, all Sensitive Discovery Materials shall remain in the custody and control of the Defense Team, and under no circumstances shall Sensitive Discovery Materials be left in Defendant's possession, custody, or control, whether Defendant is incarcerated or not, except as provided in Paragraphs 25 and 36.

25.　　If, during the pendency of the case, Defendant requests a copy of Sensitive Discovery Material from Defense Counsel, Defense Counsel may provide a copy of Sensitive Discovery Material to Defendant if Defense Counsel ensures that all PII contained in the Sensitive Discovery Material is fully redacted and the copy bears the inscription as described in Paragraph 31. Notwithstanding the above, Defense Counsel may not release custody of any of the following to Defendant: reports of witness statements, written witness statements, search warrant affidavits, and tax records.

26.　　The Defense Team may review Sensitive Discovery Materials with a witness or potential witness in this case, or with that witness's legal counsel. Before being shown any portion of Sensitive

Discovery Material, any such witness or counsel must be informed of the existence of this Protective Order, given a copy of this Protective Order, and agree in writing to abide by its provisions. No such witness or counsel may retain Sensitive Discovery Materials, or any copy thereof, after his or her review with the Defense Team is complete.

27.     This Order does not limit employees of the United States Department of Justice ("DOJ") Money Laundering, Narcotics and Forfeiture Section ("MNF") from disclosing Sensitive Discovery Materials to members of the DOJ, law enforcement agencies, the Court, and the Defense Team.

28.     Defense Counsel shall advise the government with reasonable notice of any subpoenas, document requests, or claims for access to Discovery Materials, including Sensitive Discovery Materials, by third parties if Defense Counsel intends to disseminate any such materials to a third party, so that the government may take action to resist or comply with such demands as it may deem appropriate.

**G.     Ensuring Security of Discovery and Sensitive Discovery Materials**

29.     The Defense Team shall maintain Discovery Materials, including Sensitive Discovery Materials, safely and securely and shall exercise reasonable care in ensuring the security and confidentiality of such materials by storing them in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

30.     To the extent Discovery Materials, including Sensitive Discovery Materials, or any copies or reproductions thereof, are stored electronically, they shall be maintained on password-protected or encrypted systems or storage media reasonably designed to prevent unauthorized access.

31.     If a member of the Defense Team makes, or causes to be made, any copies of Discovery Materials, including Sensitive Discovery Materials, Defense Counsel shall ensure that such copies are clearly marked "DISCOVERY (or SENSITIVE DISCOVERY) MATERIALS—SUBJECT TO PROTECTIVE ORDER" on any folder, container, or storage media containing the copies.

**H.     Filings and Use of Sensitive Discovery Materials During any Hearing or at Trial**

32.     If a party wishes to file any Sensitive Discovery Materials with the Court, those Sensitive Discovery Materials shall be filed under seal in accordance with applicable local rules. Also, any memorandum of law or other public filing in this case shall be redacted insofar as the memorandum of law or other filing is derived from, quotes, or otherwise conveys information contained in the Sensitive

STIPULATION AND PROPOSED PROTECTIVE ORDER                    7

Discovery Materials. If a party wishes to publicly file or disclose any Sensitive Discovery Materials, it will first provide a copy to the opposing party, with redactions if appropriate. If the opposing party makes no objection within five calendar days, the copy may be filed publicly with the proposed redactions, if any. Disputes regarding redacted filings may be brought to the attention of the Court. The Clerk will accept for filing under seal any filings so marked by the parties pursuant to this Order.

33.    Whenever possible, the procedures for use of Sensitive Discovery Materials during any hearing or the trial of this matter will be determined by the parties and the Court in advance of the hearing or trial.

### I.    Conclusion of Prosecution

34.    The provisions of this Order shall not terminate at the conclusion of this prosecution. All Discovery Materials, including Sensitive Discovery Materials, subject to the Protective Order maintained in the Defense Team's files shall remain subject to this Protective Order unless and until it is modified by the Court.

35.    Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Discovery Materials, including Sensitive Discovery Materials, to the government, or certify in writing that they have been destroyed. If any Sensitive Discovery Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

36.    If upon final disposition of the case, Defendant requests a copy of Sensitive Discovery Materials from Defense Counsel, Defense Counsel may provide a copy of Sensitive Discovery Materials to Defendant if Defense Counsel ensures that all PII contained in the Sensitive Discovery Materials is fully redacted and the copy bears the inscription described in Paragraph 31. If Defense Counsel provides a redacted copy to Defendant subject to the above conditions, Defense Counsel or a member of the Defense Team must contemporaneously attest in writing that it has fully redacted PII from the Sensitive Discovery Materials and complied with this Order. This written certification need not be disclosed or produced to the government unless ordered by the Court.

### J.    Termination or Substitution of Counsel

37.    If there is a substitution of counsel before final disposition of the case, substituting counsel

STIPULATION AND PROPOSED PROTECTIVE ORDER                8

must enter an appearance in this case and be provided a copy of this Protective Order before any Discovery or Sensitive Discovery Materials may be transferred from the undersigned Defense Counsel to the new defense counsel. New defense counsel will then become Defense Counsel for purposes of this Protective Order, become the Defense Team's custodian of materials, and be responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraph 35 above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### K.    Modification of Order

38.    Nothing in this Order shall prevent any party from seeking modification to this Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order regarding particular discovery items.

39.    Nothing in this Order shall prevent Defendant from challenging the designation of any discovery material as "Sensitive Discovery Material." If the dispute cannot be resolved, Defendant may seek appropriate relief from the Court. Pending resolution of any such challenge, the material at issue shall continue to be treated as Sensitive Discovery Material.

### L.    Violation of Order

40.    Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

### M.    Redactions

41.    Nothing in this Order shall prevent the government from redacting PII or other confidential information in any discovery related to the identity of cooperators and informants; provided, however, that such redactions shall not limit the government's disclosure obligations under Federal Rules of Criminal Procedure 16 and 26.2, the Jencks Act, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and other applicable authorities.

### N.    Scope of this Order

42.    Nothing in this Order shall be construed to limit the disclosure or use by Defendant or the Defense Team of materials or information that constitute Defendant's own property, records,

STIPULATION AND PROPOSED PROTECTIVE ORDER

9

communications, or personal identifying information, even if such materials were produced by the government during discovery in this case. The above terms being understood to apply solely to materials implicating Defendant in his personal capacity, as distinct from those related to his business capacity. Further, the parties understand that any materials produced to Defendant in this case, regardless of the source, that contain PII or other information relating to a third party are covered by the Protective Order.

43.    This Order does not apply to documents, materials, information, or records that are publicly available independent of the government's productions in this case, nor does it apply to materials that Defendant, Defense Counsel, or the Defense Team obtained through independent means unrelated to the discovery process in this case. The restrictions set forth in this Order likewise do not apply to materials that are or become part of the public court record, including documents that have been received in evidence in this or other trials.

**O.    Application of Laws**

44.    Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Discovery Materials.

45.    Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

46.    Defendant may raise particularized concerns about specific documents by motion to the Court.

IT IS SO STIPULATED.

Dated: March 27, 2026

MARGARET A. MOESER
Chief, Money Laundering,
Narcotics and Forfeiture Section,
Criminal Division
U.S. Department of Justice

By:  /s/ KATHERINE NIELSEN
EMILY COHEN
CAYLEE E. CAMPBELL
KATHERINE NIELSEN
Trial Attorneys

Dated: March 27, 2026

By:  /s/ ROBERT N. DRISCOLL
ROBERT N. DRISCOLL
MICHAEL M. BECKWITH
ALFRED D. CARRY
Counsel for Defendant
Mohamed Youssef

* * *

The Court, having read and considered the parties' Stipulation and Proposed Protective Order, finds good cause pursuant to Federal Rule of Criminal Procedure 16(d)(1), incorporates the Proposed Protective Order herein by reference, and hereby enters it as the Protective Order in this case.

IT IS SO ORDERED.

Dated: March 27, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

STIPULATION AND PROPOSED PROTECTIVE ORDER

11