DICKINSON WRIGHT
Robert N. Driscoll (admitted pro hac vice)
Alfred D. Carry (admitted pro hac vice)
Dickinson Wright PLLC
1825 I Street NW, Suite 900
Washington, DC 20006
Tel: (202) 457-0160
Fax: (844) 670-6009
rdriscoll@dickinsonwright.com
acarry@dickinsonwright.com

Michael M. Beckwith (#362495)
Dickinson Wright RLLP
615 National Avenue, Suite 220
Mountain View, CA 94043
Tel: (408) 701-6152
mbeckwith@dickinsonwright.com

*Counsel for Defendant Mohamed Youssef*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00279-JAM |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS COUNT ONE AS TIME-BARRED; MEMORANDUM IN SUPPORT** |
| vs. | |
| MOHAMED AZAB YOUSSEF, | Date: July 14, 2026 |
| Defendant. | Time: 9:00a.m. |
| | Courtroom: 6 |
| | Judge: John A. Mendez |

**TO THE GOVERNMENT AND ITS COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that on Tuesday, July 14, 2026 at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 6 of the United States District Court for the Eastern District of California, Robert T. Matsui Courthouse, located at 501 I Street, Sacramento, CA 95814, before the Honorable John A. Mendez, Defendant Mohamed Azab Youssef will and

Notice of Motion and Motion to Dismiss Count One as Time-Barred; Memorandum in Support

hereby does move this Court for an order dismissing Count One of the Indictment with prejudice as barred by the applicable statute of limitations.

This motion is made pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, the Fifth Amendment to the United States Constitution, 18 U.S.C. § 3282(a), and other applicable authority. Count One is time-barred by the five-year statute of limitations because the Indictment alleges no overt act in furtherance of that count on or after December 4, 2020.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum in Support, the Indictment, the record in this case, any oral argument the Court may hear, and such other matters as the Court may consider.

Dated: June 5, 2026

Respectfully submitted,

DICKINSON WRIGHT

/s/Robert N. Driscoll

Robert N. Driscoll (admitted pro hac vice)
Alfred D. Carry (admitted pro hac vice)
Michael M. Beckwith (#362495)

*Counsel for Defendant Mohamed Youssef*

**TABLE OF CONTENTS**

Page

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ...................................................... 1

I.      INTRODUCTION ................................................................................................... 1

II.     BACKGROUND ..................................................................................................... 2

        A.      Paxful Was a Peer-to-Peer Trading Platform, Not a Traditional Exchange ........... 2

        B.      The Government's Theory is a Historical Compliance Theory ............................. 3

        C.      Count One Charges a BSA AML-Program Conspiracy Ending in 2019 ............... 4

        D.      The Government Knew About this Case for Years Before Filing a Stale Count ... 5

III.    LEGAL STANDARD ............................................................................................. 6

IV.     ARGUMENT .......................................................................................................... 6

        A.      Count One is Governed by the Five-Year Statute of Limitations .......................... 6

        B.      Count One Alleges No Overt Act Within the Five-Year Limitations Period ......... 7

        C.      The Incorporated Background Allegations Do Not Save Count One ..................... 8

V.      CONCLUSION ....................................................................................................... 9

Notice of Motion and Motion to Dismiss Count One as Time-Barred; Memorandum in Support

**TABLE OF AUTHORITIES**

Page

Cases

*Fiswick v. United States*,
329 U.S. 211 (1946)............................................................................................ 1, 7

*Grunewald v. United States*,
353 U.S. 391 (1957)................................................................................................. 7

*Hamling v. United States*,
418 U.S. 87 (1974)................................................................................................... 8

*Reyn's Pasta Bella, LLC v. Visa*,
442 F.3d 746 (9th Cir. 2006)................................................................................... 5

*Russell v. United States*,
369 U.S. 749 (1962)............................................................................................. 6, 9

*Stirone v. United States*,
361 U.S. 212 (1960)............................................................................................. 6, 8

*United States v. Boren*,
278 F.3d 911 (9th Cir. 2002)................................................................................... 6

*United States v. Cecil*,
608 F.2d 1294, 1296 (9th Cir. 1979)....................................................................... 8

*United States v. Davis*,
533 F.2d 921 (5th Cir. 1976).................................................................................... 8

*United States v. Davis*,
995 F.3d 1161 (10th Cir. 2021)................................................................................ 9

*United States v. Fuchs*,
218 F.3d 957 (9th Cir. 2000).................................................................................... 7

*United States v. Hitt*,
249 F.3d 1010 (D.C. Cir. 2001) ........................................................................... 6, 7

*United States v. Kemp & Associates, Inc.*,
907 F.3d (10th Cir. 2018)......................................................................................... 8

*United States v. Nukida*,
8 F.3d 665 (9th Cir. 1993)........................................................................................ 6

*United States v. Pac. Gas & Elec. Co.*,
153 F. Supp. 3d 1048 (N.D. Cal. 2015) .................................................................. 6

Notice of Motion and Motion to Dismiss Count One as Time-Barred; Memorandum in Support

*United States v. Smith,*
  866 F.2d 1092 (9th Cir. 1989).................................................................................... 6

*United States v. W.R. Grace,*
  504 F.3d 745 (9th Cir. 2007)..................................................................................... 8

*United States v. Wilbur,*
  674 F.3d 1160 (9th Cir. 2012)............................................................................... 1, 7

*United States v. Wilson,*
  631 F.2d 118 (9th Cir. 1980) .....................................................................................5

Statutes

18 U.S.C. § 3282 ...................................................................................................... 1, 6

Rules

Fed. R. Crim. P. 12.................................................................................................... 6

Fed. R. Crim. P. 7...................................................................................................... 6

Notice of Motion and Motion to Dismiss Count One as Time-Barred; Memorandum in Support

## <u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

Defendant Mohamed Azab Youssef ("Youssef") submits this Memorandum in Support of his Motion to Dismiss Count One as Time-Barred.

### I.    INTRODUCTION

Count One is late. Late on the face of the Indictment. Count One charges Youssef with conspiring to willfully cause Paxful, Inc. ("Paxful") to fail to maintain an effective anti-money laundering ("AML") program required by the Bank Secrecy Act ("BSA"), 31 U.S.C. §§ 5311 et seq., in violation of 18 U.S.C. § 371. (Indictment ¶ 28.) The conspiracy is alleged to have ended in 2019. But the Indictment was filed in 2025, and Count One alleges no overt act within the applicable five-year statute of limitations period.

The dates alleged by the grand jury answer the limitations question. Count One's own charging paragraph alleges a conspiracy ending "in or around at least November 2019." (Indictment ¶ 28.) The overt acts alleged in support of Count One are older still: August 2016, January 2017, February 2017, April 2017, December 2017, account openings and transactions in 2016 and 2019, and one alleged transaction in October 2019. (Indictment ¶¶ 35-41.) Every overt act the grand jury identified occurred more than six years before the Indictment. Even the latest date referenced in Count One's manner-and-means allegations—an alleged failure in September 2020—falls outside the limitations period. (Indictment ¶ 34(k).)

The governing rule is straightforward: For non-capital offenses, the statute of limitations is five years. 18 U.S.C. § 3282(a). For a conspiracy charged under section 371, that limitations period runs from the last overt act committed in furtherance of the charged conspiracy. *See Fiswick v. United States*, 329 U.S. 211, 216 (1946); *United States v. Wilbur*, 674 F.3d 1160, 1171 (9th Cir. 2012) ("In order for the conspiracy to have occurred during the statute of limitations period, only one overt act in furtherance of the conspiracy must have occurred during that period."). Because the Indictment was filed on December 4, 2025, the government had to allege at least one overt act in Count One that occurred on or after December 4, 2020. It did not.

That is the defect in plain terms. Youssef denies the allegations in Count One, and those allegations suffer from other defects that will be addressed in later motions. But the Court need

Notice of Motion and Motion to Dismiss Count One as Time-Barred; Memorandum in Support

not decide those issues here. Nor does the Court need to decide whether Paxful's AML program was sufficient, whether Youssef acted willfully, whether the government's evidence is strong, or whether other counts may proceed. Count One charges a conspiracy but alleges no timely overt act in furtherance of that conspiracy. The statute required the government to plead a timely act advancing the Count One AML-program object. The Indictment does not do so.

Statutes of limitations exist for a reason. They're not mere procedural niceties. They protect against stale prosecutions, require the government to act with diligence, and ensure that criminal charges are brought while the defense can still meaningfully investigate the facts, locate witnesses, obtain records, test the government's theory, and present events in their proper context. Those safeguards matter especially here. Count One is not about a recent transaction or a discrete event. It is a retrospective corporate-compliance theory reaching back to 2015, turning on complex and years-old questions about whether and how the BSA applied to Paxful, what Paxful's AML program required, what employees understood, what policies existed, what outside parties were told, what records were kept, and what Youssef allegedly knew and intended years ago. The government now seeks to prosecute that theory after Paxful has shuttered, after Youssef long ago resigned from the company, after witnesses have scattered, after memories have faded, and after records and institutional context may no longer be available. The limitations period is supposed to prevent exactly this.

The government had five years. It missed the deadline. Count One should be dismissed with prejudice.[1]

## II.    BACKGROUND

### A.    Paxful Was a Peer-to-Peer Trading Platform, Not a Traditional Exchange

This case arises from Youssef's former role at Paxful, a peer-to-peer virtual currency marketplace he co-founded with Artur Schaback ("Schaback") in July 2015. (Indictment ¶¶ 1, 3.) Paxful was not a traditional cryptocurrency exchange in the sense of buying and selling digital assets directly to customers. Instead, it operated as an online trading platform that connected

---

[1] Youssef reserves the right to move separately to dismiss Count One and the remaining counts of the Indictment on other grounds.

Notice of Motion and Motion to Dismiss Count One as Time-Barred; Memorandum in Support

buyers and sellers of virtual currency, primarily bitcoin. Users who wished to buy or sell bitcoin could post offers, communicate with one another, negotiate terms, and transact directly using various payment methods, including gift cards or prepaid instruments. (Indictment ¶¶ 3–8.)

In practical operation, Paxful resembled an eBay-style marketplace for virtual currency transactions. Paxful did not own the bitcoin being traded. Paxful did not broker the buying, selling, or conversion of bitcoin being traded between users on the platform. Paxful did not act as an intermediary where it purchased the bitcoin from a seller on the marketplace and then sold that virtual currency to a buyer. A user could not buy bitcoin or any other virtual currency *from Paxful*. Nor did Paxful create listings, set prices for the parties, dictate the terms of exchange, or participate in the underlying transfer of value between users. Paxful likewise did not hold wallets or control the payment methods the users agreed to use. The Paxful trading platform instead served as the forum through which buyers and sellers connected with one another and, subsequently, completed transactions privately and according to their own terms. Although disputed, the government nevertheless alleges that Paxful functioned as a "money transmitting business" subject to the BSA and related AML obligations. (Indictment ¶¶ 9–12.)

**B.      The Government's Theory is a Historical Compliance Theory**

While Youssef denies the allegations, the Indictment alleges that Youssef conspired with others to willfully fail to maintain adequate AML and know-your-customer ("KYC") controls as required by the BSA. This alleged failure ultimately allowed some users to exploit the Paxful platform for unlawful purposes. The government does not allege that Youssef personally engaged in unlawful transactions, let alone violence, trafficking, extortion, obstruction, terrorism financing, or any scheme to personally launder criminal proceeds. Nor does the Indictment allege that he personally operated prostitution businesses or personally participated in any alleged unlawful conduct by Paxful users. The government's theory instead centers on alleged regulatory compliance failures relating to a digital asset marketplace and alleged misuse of that marketplace by third-party users. (*See generally* Indictment.)

The charged conduct is also historical. Paxful no longer operates in the manner alleged, and Youssef resigned from the company in 2023, years before this prosecution was initiated.

Notice of Motion and Motion to Dismiss Count One as Time-Barred; Memorandum in Support

There is no allegation that he presently controls Paxful or any ongoing enterprise connected to the charged conduct.

### C.    Count One Charges a BSA AML-Program Conspiracy Ending in 2019

On December 4, 2025, the government filed the present Indictment charging four counts: conspiracy to willfully fail to maintain an effective AML program, conspiracy to operate an unlicensed money transmitting business, operating an unlicensed money transmitting business, and conspiracy to violate the Travel Act. (*See generally* Indictment.)

Count One is the AML-program count. It begins at paragraph 27 and charges Youssef with conspiracy. (Indictment ¶¶ 27–41.). The alleged object was to willfully cause Paxful to fail to establish, develop, implement, and maintain an effective AML program "commensurate with the risks posed by the location and size of, and the nature and volume of the financial services provided by" Paxful. (Indictment ¶ 28.)

The charging paragraph fixes the alleged conspiracy period: "From in or around July 2015, through in or around at least November 2019." (*Id.*) Count One then pleads manner-and-means allegations concerning Paxful's alleged AML program deficiencies. (Indictment ¶¶ 29–34.) The latest date appearing in those Count One manner-and-means allegations is September 2020, when the government alleges Paxful failed to provide independent compliance testing or auditing for AML. (Indictment ¶ 34(k).)

The Indictment then separately identifies Count One's overt acts. (Indictment ¶¶ 35–41.) Those overt acts begin in August 2016 and end in October 2019. Specifically, the government alleges that:

- On August 15, 2016, Youssef allegedly sent an AML policy to another virtual currency exchange. (Indictment ¶ 35.)

- On January 9, 2017, Youssef allegedly completed an application for Paxful to open an account at another virtual currency exchange. (Indictment ¶ 36.)

- On February 17, 2017, Youssef and others allegedly sent an updated AML policy to another virtual currency exchange. (Indictment ¶ 37.)

- On April 14, 2017, Schaback allegedly sent a prospective customer an email describing Paxful trades as "instant and anonymous." (Indictment ¶ 38.)

- On December 17, 2017, Schaback allegedly sent Youssef an internal communication about not conducting KYC on "small amount buyers." (Indictment ¶ 39.)

The remaining overt acts concern alleged undercover agent activity from October 2016 through October 2019. (Indictment ¶¶ 40–41.) The final overt act alleged in Count One occurred on or about October 18, 2019, when the government alleges that Youssef and others allowed undercover law enforcement in the Eastern District of California to use a Paxful account named "Therealpureheroin" to be opened without KYC and complete a bitcoin sale on the platform. (Indictment ¶ 41.)

No Count One overt act is alleged on or after December 4, 2020. No Count One overt act is alleged in the years of 2021, 2022, 2023, 2024, or 2025.

**D.      The Government Knew About this Case for Years Before Filing a Stale Count**

This was not a case discovered on the eve of prosecution. The government had been investigating Paxful and its principals for years before filing the Indictment. Indeed, nearly twenty months earlier, on March 27, 2024, the government filed a criminal information against Paxful's other co-founder, Artur Schaback, asserting a virtually identical AML-program conspiracy theory based on the same general course of alleged conduct. *See United States v. Schaback*, No. 2:24-cr-00072-JAM, Criminal Information, ECF No. 1 (E.D. Cal. Mar. 27, 2024).[2] Moreover, the government conducted a proffer session with Youssef in December 2020, prior to which time it had empaneled a grand jury and collected hundreds of thousands of documents from Paxful, which cooperated with the government and produced voluminous documents.

Against that backdrop, the statute-of-limitations problem is plain. The government had years to investigate, years to evaluate its AML-program conspiracy theory, and years to seek charges against Youssef if it believed Count One was timely and warranted. In fact, the government did investigate Paxful and Youssef for well over five years, interviewing Youssef about the early years of Paxful's compliance program over five years ago. And it nevertheless

---

[2] This Court may take judicial notice of the existence and filing date of that criminal proceeding and public court record. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases"); *see also Reyn's Pasta Bella, LLC v. Visa*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings and other matters of public record).

filed a conspiracy count whose own allegations place the charged conspiracy period and every identified overt act outside the governing five-year limitations period.

### III.    LEGAL STANDARD

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). As the Supreme Court has explained, an indictment's "primary" purpose is "to inform the defendant of the nature of the accusation against him." *Russell v. United States*, 369 U.S. 749, 767 (1962). A court may dismiss an indictment as barred by the statute of limitations upon a pretrial motion. Federal Rule of Criminal Procedure 12(b) permits this because such limitations defenses can be determined without a trial on the merits. *See also United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) ("Rule 12(b) motions are appropriate to consider 'such matters as . . . statute of limitations'") (quoting *United States v. Smith*, 866 F.2d 1092, 1096 n. 3 (9th Cir. 1989)).

When resolving a facial statute-of-limitations challenge, a court is bound by the allegations in the indictment, which are accepted as true for purposes of the motion. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002); *United States v. Pac. Gas & Elec. Co.*, 153 F. Supp. 3d 1048, 1050–51 (N.D. Cal. 2015). That rule protects the Fifth Amendment grand-jury guarantee that the prosecution must proceed on the charges returned by the grand jury, not on a later theory supplied by the government. *See Stirone v. United States*, 361 U.S. 212, 215–16 (1960); *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001) ("Adherence to the language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictments returned by the grand jury.").

### IV.    ARGUMENT

**A.    Count One is Governed by the Five-Year Statute of Limitations**

Count One is governed by the general five-year statute of limitations period in 18 U.S.C. § 3282. This statute provides that, "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished" for a non-capital offense "unless the indictment is found . . . within five years" after the offense was committed. 18 U.S.C. § 3282(a). For conspiracies, the government must allege and prove at least one overt act in furtherance of the charged conspiracy

Notice of Motion and Motion to Dismiss Count One as Time-Barred; Memorandum in Support

within that five-year period. *Grunewald v. United States*, 353 U.S. 391 (1957); *Fiswick*, 329 U.S. at 216 ; *Wilbur*, 674 F.3d at 1171; *United States v. Fuchs*, 218 F.3d 957, 961–62 (9th Cir. 2000).

Count One charges a conspiracy under section 371 to willfully cause Paxful to fail to maintain an effective AML program as required by the BSA. Neither section 371 nor the BSA supplies a longer limitations period here. The limitations cutoff is December 4, 2020. The Indictment was filed on December 4, 2025. To plead a timely conspiracy, the government had to allege at least one overt act in furtherance of Count One on or after December 4, 2020. It did not.

**B.      Count One Alleges No Overt Act Within the Five-Year Limitations Period**

Count One fails because every overt act alleged in support of that count occurred before December 4, 2020. Section 371 requires an overt act, and for limitations purposes, the government must allege and prove that at least one overt act in furtherance of the charged conspiracy occurred within the limitations period. *Fiswick*, 329 U.S. at 216; *Wilbur*, 674 F.3d at 1171; *Fuchs*, 218 F.3d at 961–62; *see also Hitt*, 249 F.3d at 1016 (holding that a conspiracy charge was time-barred because the indictment contained no "specific allegations" of an overt act taken in furtherance of the conspiracy within the limitations period).

The grand jury did not allege such an act here. Count One defines the AML-program conspiracy as running from July 2015 "through in or around at least November 2019." (Indictment ¶ 28.) It then identifies seven paragraphs of overt acts. (Indictment ¶¶ 35–41.) Those acts begin in August 2016 and end on October 18, 2019. (*Id.*) The final overt act is the October 18, 2019 undercover transaction involving the Paxful account "Therealpureheroin." (Indictment ¶ 41.) That date is more than six years before the Indictment was filed.

The manner-and-means allegations only confirm the defect. The latest date in that section is September 2020, when the government alleges Paxful failed "until in or around September 2020" to provide independent compliance testing or auditing for AML. (Indictment ¶ 34(k).) That date is still outside the five-year limitations period. The cutoff is December 4, 2020. So even if paragraph 34(k) were treated as an overt act, it is too old.

Paragraph 34(k) is not pleaded as an overt act in any event. It appears in the manner-and-means section, while the Indictment separately identifies Count One's overt acts in paragraphs 35

Notice of Motion and Motion to Dismiss Count One as Time-Barred; Memorandum in Support

through 41. (*Compare* Indictment ¶ 34(k), *with* ¶¶ 35–41.) At most, Count One alleges an AML-program conspiracy ending in 2019, overt acts ending in 2019, and a still-untimely September 2020 manner-and-means allegation. That is not enough to bring Count One within the five-year limitations period.

### C. The Incorporated Background Allegations Do Not Save Count One

Count One's incorporation by reference of earlier introductory and background paragraphs does not expand the conspiracy the grand jury charged. (Indictment ¶ 27.) The temporal scope of Count One is set by the allegations in Count One itself, not by contextual background paragraphs or later counts charging different statutory objects. Those allegations do not plead a timely Count One offense.

The Ninth Circuit requires limitations analysis to track the conspiracy object actually charged. *United States v. W.R. Grace*, 504 F.3d 745, 750 (9th Cir. 2007) (recognizing that, where the government charges a multi-object conspiracy, "the statute of limitations must be satisfied as to each object of the conspiracy"); *see also, e.g.*, *United States v. Kemp & Associates, Inc.*, 907 F.3d 1264 (10th Cir. 2018) (courts reviewing statute of limitations challenges "test the indictment solely on the basis of the allegations made on its face"); *United States v. Davis*, 533 F.2d 921, 928 (5th Cir. 1976) ("for purposes of the statute of limitations, the overt acts alleged in the indictment . . . mark the duration of the conspiracy"). That object-specific principle applies with even greater force here, where this indictment charges separate conspiracy counts with different statutory objects and different start and end dates. Here, Count One has one object and one time period; Count Two has a different object and different time period; and Count Four has another object and different time period.

An indictment must fairly inform the defendant of the charges, including the date range of a conspiracy to satisfy Fifth and Sixth Amendment protections. *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979); *Hamling v. United States*, 418 U.S. 87 (1974). Further, the Fifth Amendment requires prosecution on the charge returned by the grand jury, not on some later theory supplied by the prosecution or derived through a strained reading of general background allegations. *See Stirone*, 361 U.S. at 215–16 (holding that charges returned by the grand jury may

Notice of Motion and Motion to Dismiss Count One as Time-Barred; Memorandum in Support

not later be broadened or amended except by the grand jury itself); *Russell*, 369 U.S. at 770–71 (holding that essential charging facts must be found by the grand jury and set forth in the indictment, not supplied later by explanation or bill of particulars).

Count One charges a specific conspiracy to violate the BSA. The grand jury's operative allegation describes that alleged conspiracy as running from July 2015 through November 2019. (Indictment ¶ 28.) Count One then pleads its own manner-and-means allegations and its own overt acts. (Indictment ¶¶ 29–41.) Those overt acts end on October 18, 2019. (Indictment ¶ 41.) That is the conspiracy the grand jury charged, and it is outside the five-year limitations period.

The structure of the Indictment confirms the point. The grand jury knew how to allege later conduct when it wanted to do so. Counts Two and Four allege conspiracies extending to December 2022. (*See* Indictment ¶¶ 43, 69.) Count One does not. General background allegations concerning Paxful, Backpage, Internet Website 1, or later conduct charged in other counts cannot supply an unpled overt act for Count One. To hold otherwise would allow incorporation-by-reference pleading to expand a stale conspiracy beyond the dates and overt acts for the conspiracy count actually charged by the grand jury. *See, e.g.*, *United States v. Davis*, 995 F.3d 1161, 1167 & n.2 (10th Cir. 2021) (rejecting attempt to alter the scope of one count based on allegations contained in other counts and observing that courts are guided by the count's own plain language).

## V.    CONCLUSION

Count One is facially barred by the statute of limitations. The Indictment was filed on December 4, 2025. Count One alleges a conspiracy ending in November 2019. The latest pleaded overt act occurred in October 2019. Even the latest possible Count One-related manner-and means allegation ended in September 2020. None falls within the five-year limitations period. The Court should dismiss Count One with prejudice.

Notice of Motion and Motion to Dismiss Count One as Time-Barred; Memorandum in Support

Dated: June 5, 2026

Respectfully submitted,

DICKINSON WRIGHT

/s/Robert N. Driscoll

Robert N. Driscoll (admitted pro hac vice)
Alfred D. Carry (admitted pro hac vice)
Dickinson Wright PLLC
1825 I Street NW, Suite 900
Washington, DC 20006
Tel: (202) 457-0160
Fax: (844) 670-6009
rdriscoll@dickinsonwright.com
acarry@dickinsonwright.com

Michael M. Beckwith (#362495)
Dickinson Wright RLLP
615 National Avenue, Suite 220
Mountain View, CA 94043
Tel: (408) 701-6152
Fax: (844) 670-6009
mbeckwith@dickinsonwright.com

*Counsel for Defendant Mohamed Youssef*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed in this case with the

clerk of the court and served on this 5th day of June 2026, through the Court's CM/ECF system,

which will send notification of this filing to all counsel of record.

/s/Alfred D. Carry

Alfred D. Carry
*Counsel for Defendant*

Notice of Motion and Motion to Dismiss Count One as Time-Barred; Memorandum in Support