DICKINSON WRIGHT
Robert N. Driscoll (admitted pro hac vice)
Alfred D. Carry (admitted pro hac vice)
Dickinson Wright PLLC
1825 I Street NW, Suite 900
Washington, DC 20006
Tel: (202) 457-0160
Fax: (844) 670-6009
rdriscoll@dickinsonwright.com
acarry@dickinsonwright.com

Michael M. Beckwith (#362495)
Dickinson Wright RLLP
615 National Avenue, Suite 220
Mountain View, CA 94043
Tel: (408) 701-6152
mbeckwith@dickinsonwright.com

*Counsel for Defendant Mohamed Youssef*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MOHAMED AZAB YOUSSEF,<br><br>Defendant. | Case No. 2:25-cr-00279-JAM<br><br>**DECLARATION OF ROBERT N. DRISCOLL IN SUPPORT OF DEFENDANT'S REPLY ON MOTION TO DISMISS COUNT ONE AS TIME-BARRED** |

I, Robert N. Driscoll, declare as follows.

1.      I am an attorney duly licensed to practice law in the State of Massachusetts and Washington, DC. I am admitted to practice pro hac vice before this Court as counsel of record for the Defendant Mohamed Azab Youssef ("Youssef") in the above-captioned case. I submit this Declaration in support of Defendant's Motion to Dismiss Count One as Time-Barred (Dkt. 42), and in particular the Reply brief contemporaneously filed herewith (Dkt. 45). I have personal knowledge of the facts stated herein, and if called, I could and would testify competently to them.

2.      I have long been in direct communication with the government regarding the investigation of Youssef and potential charges against him for more than five years, beginning in or around September 2020.

3.      The investigation and resulting charges in the Indictment stem from Youssef's former role at Paxful, Inc. ("Paxful" or the "Company"), a virtual currency marketplace he co-founded with Artur Schaback ("Schaback") and from which Youssef resigned on or about April 17, 2023.

4.      From the outset of the government's investigation, Youssef retained separate counsel for both himself and the Company, and each engaged with the government through that counsel. During this pre-indictment time, Paxful produced millions of pages of documents to the government—well over a terabyte in size—including records concerning the history of Paxful's anti-money laundering ("AML") program and AML compliance.

5.      Youssef himself also voluntarily produced personal documents at the government's request, as well as voluntarily participated in an all-day proffer session in December 2020 via videoconference for a witness interview. Present at that interview were defense counsel for Youssef, members of the United States Attorney's Office for the Eastern District of California, members of the government's current trial team at the Money Laundering, Narcotics and Forfeiture ("MNF") Section at Main Justice in Washington, and special agents from the Department of Homeland Security, Homeland Security Investigations.

6.      On December 20, 2024, my co-counsel Alfred Carry and I attended an in-person meeting at the Department of Justice's Bond Building, located at 1400 New York Avenue NW in Washington, DC for discussions with the government regarding potential charges against Youssef. Members of the government's trial team present in person included Emily Cohen and Kevin Mosely of MNF. AUSA Matthew Thuesen of the United States Attorney's Office for the Eastern District of California participated remotely. The purpose of the meeting was to present the defense's position on the matter and attempt to dissuade the government from pursuing charges against Youssef.

Declaration of Robert N. Driscoll
in Support of Defendant's Reply on Motion to Dismiss Count One as Time-Barred

7.      During the December 2024 meeting with the government, my co-counsel and I discussed the merits of the government's case, including the charges later referenced in the Indictment, and specifically including what is now Count One—conspiracy to willfully violate the Bank Secrecy Act by causing Paxful to fail to maintain an effective AML program, in violation of the Bank Secrecy Act, 31 U.S.C. §§ 5318(h), 5322, and 18 U.S.C. § 371.

8.      We identified what we believed to be significant policy reasons counseling against prosecution, as well as serious weaknesses in the government's proof regarding the AML-program conspiracy theory. Among other things, we noted that Youssef had resigned from Paxful in 2023; that, beginning in 2018, Paxful had built a substantial compliance program, including a General Counsel, a Chief Compliance Officer, dozens of compliance personnel, and compliance expenditures exceeding $3 million in 2020 alone; and that Paxful had implemented know-your-customer controls and engaged outside compliance vendors, including Chainalysis, a leading blockchain analytics firm.

9.      We also discussed the statute of limitations. We noted that, as reflected in the charging documents and plea paperwork as to Schaback—in which Youssef was identified as an unindicted co-conspirator—the same conspiracy theory the government was considering bringing against Youssef, and indeed later charged against him in Count One of the Indictment, was already time-barred on its face, with the last alleged overt act occurring on April 8, 2019.[1] At the time of the meeting in December 2024, the case was therefore more than five years past the controlling five-year statute of limitations.

10.      During the meeting, we inquired whether the government had any basis for tolling, given that its own theory appeared, on the face of the Schaback documents, to be past the statute of limitations, even though the government remained interested in pursuing that same charge against Youssef. We noted that there are but a few exceptions to a statute of limitations problem, and that 18 U.S.C. § 3292 is one of them. The government acknowledged that § 3292 was one

---

[1] *See United States v. Schaback*, No. 2:24-cr-00072-JAM (E.D. Cal.), Information, ECF No. 1 (Mar. 27, 2024), attached as <u>Ex. 5</u>.

Declaration of Robert N. Driscoll
in Support of Defendant's Reply on Motion to Dismiss Count One as Time-Barred

such available vehicle. However, it made no representations as to whether any official foreign evidence request actually existed under § 3292 that could provide a basis for tolling here.

11. Weeks later, on January 10, 2025, in the matter of *In re Grand Jury Investigation*, No. [Redacted Case Number]-DC, the government filed under seal, in an ex parte proceeding, its third ex parte application for tolling under 18 U.S.C. § 3292. That application was based on an old—but allegedly still open—May 30, 2023 official request for foreign evidence from the Philippines, made pursuant to the Treaty Between the Government of the United States of America and the Government of the Republic of the Philippines on Mutual Legal Assistance in Criminal Matters (1995). (Dkt. 44-12.)

12. Days later, on January 17, 2025, the government disclosed, first by telephone and subsequently by email, that it had issued five Mutual Legal Assistance Treaty ("MLAT") requests or supplemental requests on five different dates, and that it believed Ninth Circuit law was generally more favorable to its position and use of MLATs than the law of other circuits. Having re-read controlling Ninth Circuit law, particularly as it relates to post-expiration applications for suspension, I emailed the government to request the dates of its MLAT requests and any other information it could provide, noting that "[t]he more information, the more helpful." The government responded as follows:

> Hi Bob,
> Please see below for the information you requested.
> Request 1: October 9, 2020
> Supplemental Request 1: January 13, 2023
> Supplemental Request 2: March 2, 2023
> Supplemental Request 3: August 31, 2023
> Request 2: May 30, 2023
> Thank you,
> Emily
>
> ---
>
> **From:** Robert N. Driscoll
> **Sent:** Friday, January 17, 2025 2:08 PM
> **To:** Cohen, Emily (CRM)
> **Cc:** Alfred D. Carry
> **Subject:** [EXTERNAL] Dates
> Emily:
> Having reread the 9th circuit cases, if you can get me the dates you made the MLAT requests, rather than the date the Court granted the tolling, I believe that would be more helpful. But the more information, the more helpful.
> Thanks,
> Bob

Declaration of Robert N. Driscoll
in Support of Defendant's Reply on Motion to Dismiss Count One as Time-Barred

(Dkt. 44-16.)

13.     Before Youssef's indictment, the only information the government provided regarding any MLAT-related tolling was therefore the above bare dates of purported MLAT requests. That is all the government disclosed. The government did not produce the written official requests themselves; any § 3292 applications; any tolling orders, or their filing dates; any identification of the specific foreign evidence sought in each request; any identification of the foreign countries to which those requests were directed; any information regarding the final completion or status of any request; any foreign-authority response letters; any final-action communications; or any indication of whether any request remained outstanding. When asked for any additional information, the government's response was that the materials were under seal and that it could say nothing further.

14.     On February 25, 2026, we served Defendant's Initial Discovery Requests on the government, which requested, among other things, all discovery related to MLAT requests, applications under 18 U.S.C. § 3292, and related tolling materials. (Dkt. 17-1.)

15.     On June 5, 2026, Youssef filed his Motion to Dismiss Count One as Time-Barred. (Dkt. 42.)

16.     On June 12, 2026, the government produced its eighth volume of discovery in this case, which was the first production to include any materials related to the MLAT requests and § 3292 tolling applications.

17.     On June 19, 2026, we sent a written deficiency letter to the government identifying continuing gaps in the government's MLAT-related discovery recently produced in its eighth production. In this letter, we explained that the government still hadn't produced the official MLAT requests themselves. It had produced only the three § 3292 ex parte applications, each accompanied by a declaration, a copy of the transmittal letter from the Justice Department's Office of International Affairs, and the corresponding tolling orders. The government had also not produced any response letters, final-action communications, or other correspondence from the foreign authorities. The letter warned that the missing materials bear directly on the statute-of-limitations defense. Without them, there was no way to determine the scope, timing, status, or

Declaration of Robert N. Driscoll
in Support of Defendant's Reply on Motion to Dismiss Count One as Time-Barred

completion of each request—or test the propriety of the government's tolling theory. A true and correct copy of that email is attached as Ex. 1.

18.    On June 22, 2026, shortly before the government filed its opposition brief to Defendant's Motion to Dismiss Count One as Time-Barred (Dkt. 42), the government produced its ninth volume of discovery. This production included the official MLAT requests themselves, including the official request sent to the Philippines. However, to this day, the defense still has no final response letters or final-action correspondence for any foreign evidence request, and the government has refused to produce them. A true and correct copy of the government's June 22, 2026 letter is attached as Ex. 2.

19.    A true and correct copy of the hearing transcript in *United States v. Bogucki*, No. 3:18-cr-00021-CRB (N.D. Cal.), is attached as Ex. 3.

20.    A true and correct copy of the following Wall Street Journal article—Aruna Viswanatha, Justice Department Accused of Abusing Process to Extend Statute of Limitations, Wall St. J. (Feb. 2, 2020)—is attached as Ex. 4.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: June 29, 2026

_____
Robert N. Driscoll
Washington, DC

Declaration of Robert N. Driscoll
in Support of Defendant's Reply on Motion to Dismiss Count One as Time-Barred